IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,        CR. NO. S-05-0243 EJG

   v.                   ORDER DENYING REQUEST FOR
                           APPOINTMENT OF COUNSEL FOR
JAVARIS TUBBS,             POST-CONVICTION MOTION

        Defendant.
_____/

    Defendant, a federal prisoner appearing pro se, has written two letters to the court in recent weeks (one dated July 15, 2012 and received August 10, 2012; one dated August 2, 2012 and received August 8, 2012). Each letter describes defendant's dissatisfaction with his trial and appellate attorneys and requests the appointment of counsel to raise issues of ineffective assistance of counsel in a post-conviction motion.

    A defendant has no constitutional right to appointed counsel in post-conviction proceedings. The Sixth Amendment right to counsel extends only through the first appeal. See Coleman v. Thompson, 501 U.S. 722, 755-57 (1991). However, if the court,

1

within its discretion, determines that "the interests of justice so require", counsel may be appointed for persons seeking relief under sections 2241, 2254 or 2255 of Title 28 of the United States Code. See 18 U.S.C. § 3006A(a)(2). That statute reads as follows: "Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . (B) is seeking relief under section 2241, 2254 or 2255 of Title 28."

At this juncture, the court, in the exercise of its discretion, declines to appoint counsel for defendant. No post-conviction motion has been filed, nor can the court determine from defendant's letters whether the "interests of justice" require the appointment of counsel.

IT IS SO ORDERED.

Dated: August 21, 2012

/s/ Edward J. Garcia
EDWARD J. GARCIA, JUDGE
UNITED STATES DISTRICT COURT